IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEIGHA HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| SLEEPCAIR, INC. | ) Complaint for Damages and |
| | ) Jury Demand |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**COMPLAINT**

**I.   NATURE OF THE CASE AND PARTIES TO THIS ACTION**.

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, ("Title VII"), codified at 42 U.S.C. §§ 2000e to 2000e-17; the Kansas Act Against Discrimination ("KAAD"), KS Statutes 44-1001 et. seq.; and for retaliation under Title VII.  Plaintiff seeks all available remedies from Defendant including compensatory and punitive damages, and equitable relief the Court deems warranted.

2. Plaintiff Aleigha Harris ("Plaintiff" or "Ms. Harris") resides at 17123 158th St, Basehor, KS 66007.  She is a Native American female.  The Defendant is Sleepcair, Inc. ("Defendant"), a corporation organized under the laws of the State of Kansas.  Defendant was at all relevant times doing business at 14333 W. 95th Street, Lenexa, Johnson County, Kansas 66215, the primary site of the alleged acts of discrimination.  Defendant may be served at its registered agent in the State of Kansas.  Defendant is an "employer" within the meaning of Title

1

VII and the KAAD.  At all relevant times, Defendant employed at least fifteen (15) employees.  At all relevant times, Defendant employed Plaintiff at its Lenexa, KS location.  The allegations in this Complaint are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## II.     JURISDICTION AND VENUE.

3.      The claims arise out of Plaintiff's employment with Defendant in its Lenexa, Kansas location.  Plaintiff alleges Defendant discriminated against her in violation of Title VII and the KAAD.  Plaintiff's claims therefore arise under federal law and supplemental state law, giving this Court jurisdiction under 28 U.S.C. §§ 1331 and 1367.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).  Further, Plaintiff has exhausted her administrative remedies by timely filing a charge with the Kansas Human Rights Commission ("KHRC") and subsequently receiving notice of her right to sue from the EEOC on September 22, 2020.  Details about the administrative proceedings are in Section IV, *infra*.

4.      Venue is proper in the District Court of Kansas because Plaintiff's claims arose within this District, and a substantial part of Defendant's acts and omissions giving rise to the claims occurred in this District.  Venue is also proper in this District because Defendant is a resident of this District and maintains its place of business in this District.  See 28 U.S.C. § 1391(b), (c).

## III.    STATEMENT OF THE CLAIM.

5.    Ms. Harris began working at Sleepcair, Inc. on or about December 6, 2016.  Her job title was Sales Representative.

6.     On or about the evening of December 14, 2018, Ms. Harris and about a dozen other employees went to a bar for an office function.   The bar was Llywelyn's Pub, in Lees Summit, MO.

7.     Supervisor Ashley Graf, while apparently under the influence of alcohol, made unwanted sexual advances toward Plaintiff.  Specifically, Ms. Graf kissed Plaintiff.

8.     This advance from Plaintiff's direct supervisor was unwanted and offensive.

9.     Ms. Graf later kissed and "grinded" on a number of employees, including Plaintiff.  Ms. Graf also performed a lap dance on Plaintiff while she was sitting down.

10.    The lap dance and grinding were unwanted and offensive to Plaintiff.

11.    All the other employees, including at least one supervisor (Area Manager Gabriel Medina), witnessed the incident.  A number of other bar patrons witnessed the incident as well.

12.    Mr. Medina did nothing to intervene.

13.    Several employees video recorded the sexual advances, while others took pictures.

14.    Supervisor Ashley Graf's kiss, lap dance and sexual grinding disgusted and offended Plaintiff.  This unwanted sexual behavior was severe and pervasive enough to interfere with Plaintiff's employment, from the day she returned to the office until the day Defendant terminated Plaintiff's employment.

15.    Supervisor Ashley Graf also had a frequent habit of fondling Plaintiff's hair, when Plaintiff was seated at her desk.  This touching was offensive and unwelcome.

16.    The discriminatory touching and kissing incidents represented a continuing pattern of violations up until Plaintiff's termination on February 22, 2019.

17.    On February 1, 2019, Plaintiff experienced race discrimination when Clinical Manager Erica Ashby made derogatory comments about Plaintiff's Native American heritage.

18. Specifically, Ms. Ashby stated, in front of the entire office, that Plaintiff was a Native American and was trying to do voodoo and witchcraft.

19. These comments, made by a supervisor, created a hostile work environment. The comments unreasonably interfered with Plaintiff's work performance, and created an intimidating and offensive work environment.

20. The very next day, on February 2, 2019, Plaintiff complained about these discriminatory comments to her supervisor, Ms. Ashley Graf. This was the same supervisor who sexually harassed Plaintiff.

21. Ms. Graf responded to Plaintiff that that she would report the incident to Human Resources.

22. Ms. Graf neither reported the incident to Human Resources, nor took any action as a supervisor to address the racial discrimination.

23. Plaintiff therefore attempted to contact Human Resources, herself. Plaintiff left several voice messages with the Human Resources office, complaining about the discrimination.

24. The Human Resources office never returned Plaintiff's calls.

25. On February 12, 2019, the discrimination turned physical when Katherine Schmidt, a co-worker, shoulder bumped Plaintiff as she walked by in the hallway.

26. Plaintiff immediately reported this incident to her supervisor: Ms. Ashley Graf.

27. Ms. Graf responded with, "What do you want me to do?"

28. Ms. Graf brushed off the shoulder bump as a "personal matter" between Plaintiff and Ms. Schmidt.

29. On February 22, 2019, in retaliation for Plaintiff having reported the shoulder bump and racial discrimination, Supervisor Gabriel Medina suspended Plaintiff for three weeks without pay.

30. The suspension turned into a termination, as management did not allow Plaintiff to resume her employment.

31. Specifically, on March 18, 2020, Plaintiff phoned Ms. Amy Swearingen in Human Resources, her first-line supervisor (Ms. Graf) and second-line supervisor (Buddy Felter).

32. Plaintiff asked these individuals whether she could come back to work, due to the fact that the three weeks had elapsed.

33. Plaintiff did not receive a definitive answer from any of these parties, so she returned to work the morning of March 19, 2020.

34. Supervisor Erica Ashby (the same supervisor that made the Native American comment) confronted Plaintiff that morning and told Plaintiff she must gather her belongings and leave the premises.

35. Defendant never issued a written termination letter to Plaintiff.

36. Defendant was purposely ambiguous about Plaintiff's employment status.

37. The suspension, subsequent failure to reinstate Plaintiff after the suspension, and purposeful ambiguity about Plaintiff's employment status capped off a pattern of discrimination and retaliation against Plaintiff.

## IV. EEOC ADMINISTRATIVE PROCEEDINGS

38. Plaintiff has exhausted her administrative remedies. On April 17, 2019, Plaintiff timely executed and filed a Charge of Discrimination with the KHRC, (Docket No. 41009-19; EEOC

Duel Filed Charge No. 28D-2019-00555). On May 9, 2019, Plaintiff amended the same. See Exhibit A attached hereto.

39. The EEOC's Notice of Right to Sue letter, dated September 17, 2020, allowed Plaintiff to file the instant action against Defendant. See Exhibit B, attached hereto. Plaintiff received said notice via US Mail on September 23, 2020.

## COUNT 1

### Gender Discrimination – Hostile Environment – Title VII

40. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

41. Plaintiff is a female who was subjected to intentional discrimination by Defendant because of her sex/gender.

42. Defendant subjected Plaintiff to a hostile work environment because it allowed its supervisors to inappropriately touch and kiss Plaintiff.

43. The touching and kissing were unwelcome.

44. The inappropriate, offensive touching and kissing were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive environment, and ultimately led to Defendant terminating Plaintiff, despite her qualifications and performance.

45. Defendant's touching and kissing of Plaintiff were outrageous, intentional, willful, and showed an evil motive or reckless indifference or conscious disregard for Plaintiff's rights, and therefore Defendant is liable for punitive damages for punishment and deterrence purposes.

46. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully denied her, as well as severe emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful gender discrimination in violation of Title VII, for an award of compensatory and punitive damages, for her reasonable attorneys' fees, costs, pre- and post judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT II

### Race Discrimination – Racial Harassment - Title VII

47. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

48. Plaintiff is Native American who was subjected to a hostile environment at the hands of Defendant.

49. Defendant's acts and omissions unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile and offensive work environment which ultimately led to her unlawful termination.

50. Supervisor Erica Ashby's taunting of Plaintiff's Native American heritage created a hostile work environment.

51. Specifically, Ms. Ashby's announcement that Plaintiff performs voodoo and witchcraft because she is Native American created a hostile work environment.

52. Ms. Ashby's refusal to allow Plaintiff to report back to work after a 3-week suspension was discriminatory.

53. Defendant's endorsement of physical violence in the workplace was discriminatory.

54. Defendant's acts and omissions were outrageous, intentional, willful, and showed an evil motive or reckless indifference or conscious disregard for Plaintiff's rights, and therefore Defendant is liable for punitive damages for punishment and deterrence purposes.

55. As a result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully denied her, as well as severe emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful race discrimination in violation of Title VII, for an award of compensatory and punitive damages, for her reasonable attorneys' fees, costs, pre- and post judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT III

### Retaliation – Title VII

56. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

57. Plaintiff opposed and resisted her supervisor's sexual advances and told her to stop.

58. Plaintiff complained about racial harassment to her supervisor.

59. Plaintiff's opposition to and reports of both sexual harassment and racial discrimination constituted protected activities.

60. By reason of Plaintiff's opposition and reports, Defendant retaliated against Plaintiff ultimately terminating Plaintiff's employment.

61. Plaintiff's opposition to and reports of discrimination were a motivating factor for Defendant's actions.

62. The actions Defendant took against Plaintiff might well have persuaded a reasonable person in the same or similar circumstances of Plaintiff to not report or to not oppose workplace discrimination.

63. Defendant would not have taken material adverse action against Plaintiff but for Plaintiff's act of opposing and reporting unlawful discrimination in the workplace.

64. Plaintiff's opposition to and reports of unlawful discrimination in the workplace were a determining factor in Defendant's decision to retaliate against her in the manner alleged herein.

65. Defendant's conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and the rights of others, and therefore Defendant is liable for punitive damages for punishment and deterrence purposes.

66. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully taken from her, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful retaliation under Title VII, for an award of compensatory and punitive damages, for her reasonable attorneys' fees, costs, pre- and post judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT IV

### Gender Discrimination – Hostile Environment – KAAD

67. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

68. Plaintiff is a female who was subjected to intentional discrimination by Defendant because of her sex/gender.

69. Defendant subjected Plaintiff to a hostile work environment because it allowed its supervisors to inappropriately touch and kiss Plaintiff.

70. The touching and kissing were unwelcome.

71. The inappropriate, offensive touching and kissing were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive environment, and ultimately led to Defendant terminating Plaintiff, despite her qualifications and performance.

72. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully denied her, as well as severe emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count IV of her Complaint, for a finding that she has been subjected to unlawful gender discrimination in violation of the KAAD, for an award of compensatory damages, back pay, and for such other and further relief as this Court deems just and proper, including equitable relief.

## COUNT V

### Race Discrimination – Racial Harassment - KAAD

73. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

74. Plaintiff is Native American who was subjected to a hostile environment at the hands of Defendant.

75.     Defendant's acts and omissions unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile and offensive work environment which ultimately led to her unlawful termination.

76.     Supervisor. Erica Ashby's taunting of Plaintiff's Native American heritage created a hostile work environment.

77.     Specifically, Ms. Ashby's announcement that Plaintiff performs voodoo and witchcraft because she is Native American created a hostile work environment.

78.     Ms. Ashby's refusal to allow Plaintiff to report back to work after a 3-week suspension was discriminatory.

79.     Defendant's endorsement of physical violence in the workplace was discriminatory.

80.     As a result of Defendant's acts and omissions, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully denied her, as well as  severe emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count V of her Complaint, for a finding that she has been subjected to unlawful race discrimination in violation of the KAAD, for an award of compensatory damages, backpay, and for such other and further relief as this Court deems just and proper, including equitable relief.

**DEMAND FOR JURY TRIAL AND DESIGNATION OF LOCATION**

Plaintiff demands a trial by jury of all issues so triable in this action.  Plaintiff designates Kansas City, KS as the location for a jury trial.

Respectfully submitted this 17th day of December, 2020.

THOMPSON LAW OFFICES, LLC


/s/ *Kevin V. Thompson, Sr.*

_____

Kevin V. Thompson, Sr.
Attorney for Plaintiff, KS Bar No. 21110
Thompson Law Offices, LLC
1504 Gatewood St.
Leavenworth, KS 66048
913-704-5737
Kevin.v.thompson@outlook.com



/s/ Aleigha Harris

_____

Aleigha Harris, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day, 17 December 2020, a copy of the foregoing was sent to the following parties:

U.S. District Court
District of Kansas
500 State Ave
Kansas City, KS 66101

Sleepcair, Inc.
14333 W 95th St Lenexa, KS 66215

Registered Agent:
The Corporation Company, Inc.
112 SW 7TH St Suite 3C, Topeka, KS 66603

/s/ *Kevin V. Thompson*
_____
Kevin V. Thompson, Sr.
Attorney for Plaintiff, KS Bar No. 21110
Thompson Law Offices, LLC
1504 Gatewood St.
Leavenworth, KS 66048
913-704-5737
Kevin.v.thompson@outlook.com